IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES E. PATTERSON                                                                                          PLAINTIFF
#13570-05

V.                                          NO. 4:05CV01498 SWW/JWC

PULASKI COUNTY JAIL                                                                                    DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### I. Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, AR  72201-3325

## II.  Recommended Disposition

On October 14, 2005, Plaintiff, a pro se inmate who at the time was confined to the Pulaski County Detention Facility, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.

A portion of Plaintiff's complaint was too vague to enable the Court to determine whether it is frivolous or failed to state a claim for relief under § 1915A.  Specifically, Plaintiff had named the Pulaski County Jail as the sole Defendant.  In order to bring a viable § 1983 action, Plaintiff must name as a defendant an entity that is subject to being sued.  In general, a county jail is not an entity amenable to suit. Therefore, by order entered October 26, 2005 (docket entry #3), Plaintiff was directed to amend his complaint to specifically state: 1) whether he was alleging that the Pulaski County Jail has a policy or custom of failing to act upon prior similar complaints, which caused the constitutional

injury at issue; 2) whether he notified and/or made a complaint to jail officials about the spider bite; 3) whether he intended to name this/these individual(s) as a Defendant(s) and, if so, their positions, places of current employment, and addresses; and 4) whether he sued Defendant(s) in an individual capacity, official capacity, or both.  Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.  Plaintiff was additionally warned that his failure to make a timely and complete response to the Court's order would result in a recommended dismissal of his case without prejudice.

The Court's October 26, 2005, order has been returned marked "REFUSED" (docket entry #5) and Plaintiff has failed to inform the Court of any change in his address nor has he had contact with the Court since he filed his original complaint.[1]  For these reasons, Plaintiff's case should be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to comply with the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious

---

[1] A search by a Court staff member indicates that Plaintiff is currently incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"); however, Plaintiff has never complied with  Local Rule 5.5(c)(2) of the Rules of the United States District Court for the Eastern District of Arkansas, which provides in relevant part that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address . . . ."

conduct by the plaintiff'") (emphasis added); <u>Garrison v. Int'l Paper Co.</u>, 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:[2]

1.     Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.     Any PENDING MOTIONS should be DENIED AS MOOT.

3.     This dismissal should count as a "STRIKE" as frivolous pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 26th day of January, 2006.

                                                       _____
                                                       UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of this recommendation is being mailed to Plaintiff, ADC #082308, at the Grimes Unit, ADC.

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.